IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| JEFFREY J. PROSSER, | ) | |
| | ) | Bankr. No. 3:06-bk-30009 |
| Debtor | ) | |
| _____ | ) | Adv. Pro. 3:21-ap-03001 |
| OAKLAND BENTA, JEFFREY J. PROSSER, | ) | |
| AND DAWN E. PROSSER, | ) | Civil No. 3:22-cv-0071 |
| | ) | |
| Plaintiffs/Appellants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTIE'S INC., CHARLES ANTIN, FOX | ) | |
| ROTHSCHILD LLP, YANN GERON, WILLIAM | ) | |
| STASSEN, DAVID M. NISSMAN, JAMES P. | ) | |
| CARROLL, | ) | |
| | ) | |
| Defendants/Appellees | ) | |
| | ) | |
| _____ | ) | |

## ORDER

**BEFORE THE COURT** is Plaintiffs'/Appellants' Motion for Recusal (Mot.) (ECF No. 20), filed September 14, 2023. Defendants/Appellees filed a response to the motion. *See* ECF No. 26. The time for filing any reply has expired. This matter is ripe for adjudication. For the reasons stated below, the Court will deny the motion.

Plaintiffs/Appellants seek the undersigned's recusal in this matter pursuant to 28 U.S.C. § 455. Mot. at 1-2. They base their request upon the fact that Attorney Jeffrey Moorhead, a relative of the undersigned, represented Plaintiffs in a matter wherein claims similar to those contained in the adversary proceeding that underlies this appeal were asserted. *Id*. at 2, 4, 6 ("The Motion [sic] rests upon Attorney Jeffrey B.C. Moorhead's (USVI 438) ('Attorney Moorhead's') relationship with Judge Molloy and his involvement in this controversy."). Plaintiffs/Appellants bring the motion even after explicitly stating that they

*Benta et al. v. Christie's, Inc., et al.*
Case No. 3:22-cv-0071
Order
Page 2 of 5

> do not, and are not, asserting that Judge Molloy is or has been engaged in any impropriety in the assignment of this appeal under 28 U.S.C. § 137 nor do Appellants allege that Judge Molloy had actual knowledge of the information disclosed in this Motion. In fact, the issue that gave rise to this Motion occurred long before Judge Molloy was nominated and assumed his position of District Court Judge.

*Id.* at 2.

The provision mandating that a judge disqualify himself because of the involvement of a close relative in a matter over which he is presiding is found at 28 USCS § 455(b)(5). Specifically, a judge must disqualify himself when: "He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person: . . . (ii) Is acting as a lawyer in the proceeding; . . ." *Id.* at § 455(b)(5)(ii).

In the matter at bar, Plaintiffs/Appellants acknowledge that Attorney Moorhead's involvement as counsel for Plaintiffs "occurred long before Judge Molloy was nominated and assumed his position of District Court Judge." Mot. at 2. Although Attorney Moorhead was the attorney who, on behalf of Plaintiffs, on July 29, 2013, (*see Benta v. Christie's, Inc.*, 1:13-cv-00080 (D.V.I.), ECF No. 1) filed the very first complaint alleging the claims being litigated in the adversary proceeding underlying the appeal currently before this Court, Plaintiffs later filed a notice with the Court that they had terminated his representation in that case. *See* 1:13-cv-00080 (D.V.I.), ECF No. 39, filed October 23, 2015. Thus, Attorney Moorhead ceased acting as counsel for Plaintiffs long before the undersigned was appointed to his current position on the bench and assigned as the presiding judge in the above-captioned matter. Moreover, that case, *Benta v. Christie's, Inc.*, 1:13-cv-00080 (D.V.I.), was terminated by order entered by District Judge Wilma A. Lewis on June 21, 2021, dismissing the matter. *See* Order (1:13-cv-00080 (D.V.I.), ECF No. 83), entered June 21, 2021. The proceeding currently before the Court is an appeal from an adversary proceeding filed in Plaintiff Jeffrey Prosser's bankruptcy case.[1] This proceeding is not the same proceeding as the case in which Attorney Moorhead participated. The proceedings in which Attorney Moorhead appeared are

---

[1] Section 455 provides: "For the purposes of this section the following words or phrases shall have the meaning indicated: (1) "proceeding" includes pretrial, trial, appellate review, or other stages of litigation. . . ." 28 U.S.C. § 455(d)(1).

*Benta et al. v. Christie's, Inc., et al.*
Case No. 3:22-cv-0071
Order
Page 3 of 5

separate and distinct from the matter currently at bar. This Court has explained what constitutes a "proceeding" for purposes of Section 455 as follows:

> The Third Circuit has construed section 455's use of "proceeding" as "embracing only such activity following the initiation of an action by a private party or governmental agency designed ultimately to modify or affect the substantive rights of a litigant." *Sciarra,* 851 F.2d at 635. It is axiomatic that an action commences with the filing of a complaint. Fed. R. Civ. P. 3; *see also Sciarra*, 851 F.2d at 635. Because the complaint in the derivative action was not filed until September 30, 2004, and Ogletree Deakins parted ways with RTFC before such commencement, Attorney Francis could not possibly have acted as a lawyer in the derivative proceeding. Accordingly, recusal in the derivative action is not required under section 455 (b) (5) (ii).

*Rural Tel. Fin. Coop. v. Prosser*, Civil No. 2004-132, Civil No. 2004-154, Civil No. 2004-155, 2005 U.S. Dist. LEXIS 28617, at *18-19 (D.V.I. Nov. 16, 2005). The scenario presented to the Court in *Rural Tel. Fin. Coop.* is analogous to the one here: because the complaint in the underlying adversary proceeding was not filed until July 20, 2021, *see* 3:21-ap-3001 (Bankr. D.V.I.), ECF No. 1, and Attorney Moorhead "parted ways" with Plaintiffs before such commencement, Attorney Moorhead could not have "acted as a lawyer" in the adversary proceeding. Moreover, Plaintiffs/Appellants do not assert that Attorney Moorhead had any involvement in either the adversary proceeding or the appeal currently before the Court. Consequently, the Court reaches the same conclusion as in *Rural Tel. Fin. Coop.*: recusal in this proceeding is not required under Section 455(b)(5)(ii).[2]

Even if Plaintiffs/Appellants are somehow able to show that Attorney Moorhead's representation of them in *Benta v. Christie's, Inc.*, Case No. 1:13-cv-00080 (D.V.I.), can be construed as participation in this proceeding, the Court finds that Plaintiffs/Appellants have implicitly waived any grounds for recusal.

It is true that recusal under Section 455(b) is not waivable. 28 U.S.C. § 455(e). Nevertheless, it is also true that "[w]aiver, prohibited by section 455(e) is not the same as

---

[2] In the absence of any facts or explanation of applicability of Section 455(b)(5)(iii), the Court finds that Plaintiffs'/Appellants' statement: "Since Judge Molloy does not have lifetime tenure, Judge Molloy has a personal interest, certainly in appearance, in the outcome of this proceeding within the meaning of 28 U.S.C. § 455(b)(5)(iii)," Mot. at 5, does not merit consideration. Likewise, Plaintiffs'/Appellants' purely speculative assertion that Attorney Moorhead might be a material witness, thus implicating 28 U.S.C. § 455(b)(5)(iv), Mot. at 7, need not be addressed.

untimeliness." *In re Owens Corning*, 305 B.R. 175, 217 (D. Del. 2004). The United States Court of Appeals for the Fourth Circuit articulates the difference in *Kolon Indus., Iinc. v. E.I. Dupont De Nemours & Co.*, 748 F.3d 160 (4th Cir. 2014):

> [T]he non-waivability of a § 455(b) recusal does not excuse a party's delay in filing. As the Fifth Circuit explained, 'waiver and timeliness are distinct issues.' . . . Whereas 'section 455(e) prohibits the judge and the parties from agreeing among themselves to abrogate section 455(b),' a 'timeliness requirement forces the parties to raise the disqualification issue at a reasonable time in the litigation.'"

*Id*. at 168-69 (quoting *United States v. York*, 888 F.2d 1050, 1055 (5th Cir. 1989)). Here, Plaintiffs/Appellants filed their motion seeking recusal nearly a year after filing this appeal.[3] The Court finds this delay untimely. *See, e.g., In re Kearney*, Case No. 17-12274-t11, 2023 Bankr. LEXIS 1895, at *27-28 (Bank. D.N.M. July 28, 2023) ("'Once a movant becomes aware of facts on which a motion to disqualify is predicated, even a relatively brief delay in filing the motion may result in a finding of untimeliness.' *In re Haas*, 292 B.R. 167, 181 n. 8 (Bankr. S.D. Ohio 2003) (collecting cases); *see also S.E.C. v. Loving Spirit Foundation Inc.*, 392 F.3d 486, 492-93, 364 U.S. App. D.C. 116 (D.C. Cir. 2004) (motion filed eight months after the rulings complained of is untimely)") (other citation omitted; *United States v. Halkbank*, 15 Cr. 867 (RMB), 2020 U.S. Dist. LEXIS 153036, at *14 (S.D.N.Y. Aug. 24, 2020) ("'It is well-settled that a party must raise its claim of a district court's disqualification at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim.' *Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987). 'Recusal motions are often denied on the basis of untimeliness when there has been only a short delay.' *Raghavendra v. Trustees of Columbia Univ.*, 2012 U.S. Dist. LEXIS 97922, 2012 WL 2878123, at *5 (S.D.N.Y. July 13, 2012) (collecting cases). 'Untimeliness in [the recusal] context can constitute a basis for finding an implied waiver.' *United States v. Burke*, 756 F. App'x 93, 94 (2d Cir. 2019)" (other citation omitted)).

---

[3] The appeal was commenced on November 23, 2022, *see* ECF No.1, and the motion was filed on September 14, 2023. *See* ECF No. 20.

*Benta et al. v. Christie's, Inc., et al.*
Case No. 3:22-cv-0071
Order
Page 5 of 5

In sum, Plaintiffs/Appellants have not shown that the undersigned must disqualify himself based upon 28 U.S.C. § 455(b)(ii). The Court also finds that because the motion for recusal is untimely, Plaintiffs/Appellants have waived the issue.

Accordingly, it is hereby **ORDERED** that Plaintiffs'/Appellants' Motion for Recusal (ECF No. 20) is **DENIED**.

**DATED:** February 15, 2024                              /s/ *Robert. A. Molloy*
                                                          **ROBERT A. MOLLOY**
                                                          **Chief Judge**