IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| In Re: ) | | |
| ) | | |
| JEFFERY J. PROSSER, ) | Case No. 3:06-bk-30009 | |
| ) | | |
| Debtor, ) | Case No. 3:21-ap-03001 | |
| _____ ) | | |
| ) | | |
| OAKLAND BENTA, JEFFREY J. PROSSER, ) | | |
| and DAWN E. PROSSER, ) | | |
| ) | | |
| Plaintiffs/Appellants, ) | | |
| ) | | |
| v. ) | | |
| ) | Case No. 3:22-cv-0071 | |
| CHRISTIE'S INC., CHARLES ANTIN, FOX ) | | |
| ROTHSCHILD LLP, YANN GERON, WILLIAM ) | | |
| STASSEN, DAVID M. NISSMAN, JAMES ) | | |
| CARROLL, ) | | |
| ) | | |
| Defendants/Appellees. ) | | |
| ) | | |

**ORDER**

**BEFORE THE COURT** are he following: (1) Joint Notice of Appeal of the Order Dismissing the Adversary Proceeding [Dkt. No. 40] and the Order Denying Plaintiffs' Motion for Reconsideration [Dkt. No. 52] (ECF No. 1); (2) Appellant's Motion to Vacate the VIBC'S[1] Order Dismissing Their Complaint (ECF No. 30); and (3) Request for Certification to the Third Circuit (ECF No. 31). Appellees opposed the motion to vacate and the request for certification. (ECF No. 35.) For the following reasons, the Court will deny the motions and dismiss the appeal.

**I. BACKGROUND**

On July 20, 2021, Plaintiffs filed a complaint against Defendants in an adversary proceeding in the District Court of the Virgin Islands Bankruptcy Division, alleging torts and

---

[1] Appellants assert that "VIBC" means "Virgin Islands Bankruptcy Court."

civil violations of the Racketeer Influenced and Corrupt Organizations Act and the Virgin Islands Criminally Influenced and Corrupt Organizations Act. (Case No. 3:21-ap-03001.) On August 26, 2022, U.S. Bankruptcy Judge Mary F. Walrath (the "Bankruptcy Court") granted the Defendants' motion to dismiss the complaint, finding that: (a) judicial immunity bars the claims asserted against bankruptcy trustees and their agents; (b) collateral estoppel bars the claims asserted in the complaint, except the claims by Oakland Benta who was not a party to the previous litigation; and (c) all the claims asserted in the complaint are time-barred. (Case No. 3:21-ap-03001, Memorandum Opinion, Dkt. 39.) On the same date, the Bankruptcy Court entered an Order dismissing the complaint. (Case No. 3:21-ap-03001, Order, Dkt. 40.)

Plaintiffs made a motion requesting that "the Court reconsider its jurisdiction to enter any orders or conduct any proceedings as this Court is not properly constituted under the United States Constitution and therefore lacks any authority to so proceed." (Case No. 3:21-ap-03001, Dkt. 41 at 1.) On November 15, 2022, the Bankruptcy Court denied the Plaintiffs' motion for reconsideration of the August 26, 2022 decision. (Case No. 3:21-ap-03001, Order, Dkt. 52.) The Bankruptcy Court found that the purported legal basis for the motion, *i.e.* "that 'this Court is not properly constituted under the United States Constitution and therefore lacks any authority to adjudicate any matters in this case or its related proceedings' has already been definitely decided to the contrary by the Third Circuit Court of Appeals" in *Vickers Assocs., Ltd. v. Urice* ("*In re Jaritz Indus., Ltd.*"), 151 F.3d 93 (3d Cir. 1998), and "the Supreme Court did not explicitly, or implicitly, overrule the Third Circuit decision regarding the handling of bankruptcy cases in the Virgin Islands." (Case No. 3:21-ap-03001, Order, Dkt. 52 at 2-4.)

On November 23, 2022, Appellants filed a Joint Notice of Appeal of the Order Dismissing the Adversary Proceeding [Dkt. No. 40] and the Order Denying Plaintiffs' Motion for Reconsideration [Dkt. No. 52]. After several delays occasioned by motions filed by Appellants, the Court, on April 5, 2024, ordered that Appellants file their brief in support of their appeal no later than May 10, 2024. (ECF No. 29.) Instead of filing an appellate brief, Appellants, on May 9, 2024, filed the instant motion to vacate the August 26, 2022 Order

dismissing their complaint with prejudice and the request for certification to the Third Circuit. Appellees opposed the motions.

## II. LEGAL STANDARD

"The District Court of the Virgin Islands shall have the jurisdiction of a District Court of the United States, including, but not limited to . . . that of a bankruptcy court of the United States." 48 U.S.C. § 1612 (a). The Bankruptcy Amendments and Federal Judgeship Act of 1984 provides that the district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders and decrees of bankruptcy judges entered in proceedings referred to them under Title 28, Chapter 6, Section 157. 28 U.S.C. § 158 (a). In *Jaritz*, the Third Circuit held that, "because the district court of the Virgin Islands exercises all of the jurisdiction of a district court of the United States under 48 U.S.C. § 1612(a), section 158(a) applies to orders of a bankruptcy judge sitting in its judicial district and forecloses an appeal from such an order directly to this court." *In re Jaritz Indus., Ltd.,* 151 F.3d at 99.

"When sitting in an appellate capacity, district courts are obligated to accept a bankruptcy court's factual findings unless those findings are clearly erroneous." *In re Fiber-Span, Inc.*, 40 F.4th 79, 93 (3d Cir. 2022). A factual finding is clearly erroneous when it is "completely devoid of minimum evidentiary support displaying some hue of credibility or bears no rational relationship to the supportive evidentiary data." *Kool, Mann, Coffee & Co. v. Coffey*, 300 F.3d 340, 353 (3d Cir. 2002) (quoting *Hoots v. Pennsylvania*, 703 F.2d 722, 725 (3d Cir.1983). In their appellate capacity, district courts review the bankruptcy court's "legal determinations de novo . . . and its exercise of discretion for abuse thereof." *In re O'Brien Env't Energy, Inc.,* 188 F.3d 116, 122 (3d Cir. 1999). "A bankruptcy court abuses its discretion when its ruling is founded on an error of law or a misapplication of law to the facts." *Id.*

## III. DISCUSSION

Appellants assert that their motion to vacate "resurfaces as a consequence of the recent decision," *Prosser v.* Gerber, ("*In re Prosser*"), No. 22-3456, 2024 WL 1230148 (3d Cir. Mar. 22, 2024), in which the concurrence agreed that *In re Jaritz Indus., Ltd.* "decision is statutorily and constitutionally infirm." (ECF No. 30 at 2.) Appellants contend that *In re Prosser* "Panel's adjudication prolonged the VIBC's unconstitutional existence through

*In re Prosser*
Case No. 3:22-cv-0071
Order
Page **4** of **6**

judicial malfeasance," and "[a]llowing the VIDC's standing order of referral of bankruptcy cases to the VIBC has the effect of egregious *judicial legislation*: the creation and authorization of the continuing operation of a non-constitutional court by judicial decree." (*Id.* at 4-5.) Appellants argue that: (1) "The VIBC Is Unlawfully Constituted"; (2) "VIBC Is Unconstitutional"; (3) "*Nugyen* Implicitly Overruled *Jaritz*"; (4) "The *Prosser v. Gerber* Panel Recognized SCOTUS Implicitly Overruled *Jaritz*"; (5) "The *Prosser v. Gerber* Panel Has Condoned the Continuing Operation of a Manifestly Unconstitutional Court, the VIBC"; (6) It is Disingenuous to Ignore the Third Circuit's Supervisory Obligations"; (7) "It Was Disingenuous to Rely upon *Jaritz* to Foreclose Arguments"; (8) "28 U.S.C. § 451 – Third Circuit Precedent Is Arbitrary and Capricious"; (9) "Forfeiture Was Applied in Bad Faith"; (10) "Attribution"; (11) "In Re Watson"; and (12) "*Jaritz* Is Judicial Legislation under the Guise of Statutory Interpretation." (*Id.* at 6-18.) Appellants requeste that the Court certify to the Third Circuit the issue "whether the VIBC is Unlawfully Constituted." (ECF No. 31. at 1.)

Appellees contend that Appellants "have engaged in numerous delays, including numerous motions for stay, a motion for recusal, and the instant Motion," which is an inappropriate and untimely attempt by Plaintiffs to disturb the Bankruptcy Court Order." (ECF No. 35 at 1.) Similarly, their request for certification to the Third Circuit "is a delay tactic, relying on previously-made and rejected arguments." (*Id.* at 2.) Appellees argue that: (a) "*Jaritz* Remains Good Law and Controls in This Case"; (b) "The Third Circuit Upheld *Jaritz* and Denied En Banc Review"; (c) "The District Court Does Not Have the Authority to Overrule *Jaritz*"; and (d) "The Court Should Deny the Request for Certification to the Third Circuit." (*Id.* at 4-8.) Appellants request certification to the Third Circuit of the issue "whether the VIBC is Unlawfully Constituted." (ECF No. 31. at 1.)

Appellants failed to comply with the Court's April 5, 2024 Order directing that they file their brief in support of the appeal. Rather than complying with the Court's Order or seeking an extension to do so, Appellants filed the instant motion and certification request.

Appellant's reliance on the concurring judge's statement in *In re Prosser* that "I perceive a strong textual argument that there is no statutory basis for the existence of the VIBC" is misplaced because the concurring judge clearly stated that such "argument is

foreclosed by *Jaritz*, which atextually declined to apply the § 451 definitions and held that the VIBC was lawfully constituted." *In re Prosser*, 2024 WL 1230148, at *5 (Hardiman, J., concurring) (citing *In re Jaritz Indus., Ltd.*, 151 F.3d at 100-01). The Appellants' arguments in their motion to vacate were raised on appeal and rejected by the Third Circuit in *In re Prosser*, and the Third Circuit denied the Appellants' petition for rehearing by the panel and the Third Circuit en banc. As clearly acknowledged by the Third Circuit, including the concurrence, the Appellant's arguments are foreclosed by *In re Jaritz Indus., Ltd.*, which remains binding precedent at this time. *Garcia v. Att'y Gen. of U.S.*, 553 F.3d 724, 727 (3d Cir. 2009) ("We are bound by precedential opinions of our Court unless they have been reversed by an en banc proceeding or have been adversely affected by an opinion of the Supreme Court."); *In re Korean Air Lines Disaster of Sept. 1, 1983*, 829 F.2d 1171, 1176 (D.C. Cir. 1987) (Ginsburg, J.) ("Binding precedent for all is set only by the Supreme Court, and for the district courts within a circuit, only by the court of appeals for that circuit."). Appellants do not cite any legal authority permitting the Court to disregard or overrule the binding precedent, and the Court finds none.

Because the issue of "whether the VIBC is Unlawfully Constituted" was before the Third Circuit in *In re Prosser*, and the Third Circuit denied the Appellant's petition for rehearing by the panel and the Court en banc, the court finds that granting the Appellants' request for certification is not warranted.

Instead of filing an appellate brief in accordance with this Court's deadline and instead electing to file the motion to vacate, the Court finds that Appellants failed to prosecute their appeal, warranting dismissal. Accordingly, it is hereby

**ORDERED** that Appellants' Motion to Vacate VIBC's Order Dismissing Their Complaint, ECF No. 30, is **DENIED**; it is further

**ORDERED** that Request for Certification to the Third Circuit, ECF No. 31, is **DENIED**; it is further

**ORDERED** that the Order of the Bankruptcy Court dated August 26, 2022, is **AFFIRMED;** it is further

**ORDERED** that the appeal is **DISMISSED** for failure to prosecute; and it is further

*In re Prosser*
Case No. 3:22-cv-0071
Order
Page **6** of **6**

      **ORDERED** that the Clerk of Court **SHALL** close this case.

**Dated:** July 15, 2024                          <u>/s/ *Robert A. Molloy*</u>
                                                            **ROBERT A. MOLLOY**
                                                            **Chief Judge**